# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PRESCOTT SMITH** | **CIVIL ACTION** |
| **versus** | **NO. 12-1014** |
| **LSP-WARDEN N. BURL CAIN** | **SECTION: "G" (1)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Prescott Smith, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On November 21, 2002, he was convicted of second degree

kidnapping and armed robbery under Louisiana law.[1] On December 16, 2002, he was sentenced to a term of forty years imprisonment on the second degree kidnapping conviction and to a term of fifty years imprisonment on the armed robbery conviction. It was ordered that those sentences run concurrently and be served without benefit of probation, parole, or suspension of sentence.[2] On July 14, 2003, he was adjudicated a multiple offender and was resentenced as such on the armed robbery conviction to a concurrent term of one hundred ninety-eight years imprisonment.[3] On October 26, 2004, the Louisiana Fifth Circuit Court of Appeal affirmed those convictions and sentences.[4] Petitioner did not seek review of that judgment by the Louisiana Supreme Court.

On March 8, 2005, petitioner sought leave from the Louisiana Fifth Circuit Court of Appeal to file a supplemental brief in support of his direct appeal.[5] On March 9, 2005, the Court of Appeal denied relief, holding: "On October 26, 2004, this Court issued its decision on relator's

---

[1] State Rec., Vol. IV of V, transcript of November 21, 2002, pp. 76-77; State Rec., Vol. I of V, minute entry dated November 21, 2002; State Rec., Vol. I of V, jury verdict form.

[2] State Rec., Vol. IV of V, transcript of December 16, 2002; State Rec., Vol. I of V, minute entry dated December 16, 2002.

[3] State Rec., Vol. II of V, transcript of July 14, 2003; State Rec., Vol. I of V, minute entry dated July 14, 2003.

[4] State v. Smith, 888 So.2d 280 (La. App. 5th Cir. 2004) (No. 04-KA-340); State Rec., Vol. II of V.

[5] See State ex rel. Smith v. Cain, No. 09-WR-609, at p. 2 (La. App. 5th Cir. Jan. 27, 2011); State Rec., Vol. II of V.

appeal. Accordingly, this application for leave to file a supplemental brief is denied."[6] The Louisiana Supreme Court then denied petitioner's related writ application on February 3, 2006.[7]

On November 24, 2005, petitioner filed an application for post-conviction relief with the state district court.[8] On December 19, 2005, the court held that the application lacked the necessary supporting documentation and instructed petitioner to refile a properly supported application before the deadline imposed by La. Code Crim. P. 930.8.[9]

Many years after that deadline expired, petitioner finally refiled an application on April 1, 2009.[10] That refiled application was then denied as "procedurally barred" on June 19, 2009.[11] In ruling on petitioner's related writ application, the Louisiana Fifth Circuit Court of Appeal noted that the application "disclose[d] no error" in the trial court's ruling; however, acting "out of an abundance of caution," the Court of Appeal also addressed petitioner's post-conviction claims

---

[6] State v. Smith, No. 05-KH-267 (La. App. 5th Cir. Mar. 9, 2005); State Rec., Vol. II of V.

[7] State ex rel. Smith v. State, 922 So.2d 1169 (La. 2006) (No. 2005-KH-1195); State Rec., Vol. V of V.

[8] State Rec., Vol. II of V. The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana prisoner's *pro se* state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Here, that date cannot be gleaned with certainty from the record; however, because the application was dated November 24, 2005, it obviously was placed in the mail no earlier than that date.

[9] State Rec., Vol. II of V, Order dated December 19, 2005.

[10] State Rec., Vol. II of V. The application was signed on April 1, 2009.

[11] State Rec., Vol. II of V, Order dated June 19, 2009.

on the merits.¹² On December 16, 2011, the Louisiana Supreme Court then denied petitioner's related writ application without assigning reasons.¹³

On or about January 5, 2012, petitioner filed with the state district court a motion to correct an illegal sentence.¹⁴ That motion was denied on January 25, 2012.¹⁵

Also on January 25, 2012, petitioner filed the instant federal application for *habeas corpus* relief.¹⁶ The state has filed a response arguing that the application was untimely.¹⁷

---

¹² State *ex rel.* Smith v. Cain, No. 09-WR-609 (La. App. 5th Cir. Jan. 27, 2011); State Rec., Vol. II of V.

¹³ State *ex rel.* Smith v. State, 76 So.3d 1198 (La. 2011) (No. 2011-KH-0420); State Rec., Vol. V of V.

¹⁴ State Rec., Vol. II of V. Petitioner did not date that application, but it was date-stamped by the court on January 5, 2012.

¹⁵ State Rec., Vol. II of V, Order dated January 25, 2012.

¹⁶ Rec. Doc. 1. The Court notes that "[a] prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). However, that "mailbox rule" is not applicable where, as here, the federal application in question was not mailed. See Rules Governing Section 2254 Cases in the United States District Courts, Rule 3(d) (noting that the prison "mailbox rule" is applicable if an inmate fails to use the prison mail system to file his federal application).

In the instant case, petitioner purportedly attempted to file his application *electronically*, in that it bears a stamp from the Louisiana State Penitentiary Legal Programs Department stating that it was received in that department on January 25, 2012, and filed by email on that same date. Rec. Doc. 1, p. 1. Where that email was sent is a mystery. According to the staff of our Clerk of Court's *Pro Se* Unit, the unit which receives and processes such filings, our Court never received an email or electronically filed copy of this petition; rather, the Court received the filing fee on April 6, 2012, and then later received the application on April 19, 2012, when a copy was hand-delivered to the Court.

That said, the Court notes that its program to accept electronic filings from prisoners was newly instituted in January of 2012 and may have been experiencing problems in its early days. Therefore, out of an abundance of caution, the Court will give the petitioner the benefit of the doubt and consider his petition "filed" as of January 25, 2012, the date on which he purportedly submitted

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."[18] On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). *However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires."* Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A)

---

his application to the prison's Legal Programs Department for electronic transmission to this Court.
     Lastly, the Court notes that it is aware that petitioner *self-dated* his federal application as having been *signed* on December 22, 2011, and further notes that this Court, absent other evidence, will sometimes assume for the sake of expediency that the signature date was the date a petition was given to prison officials for mailing. See, e.g., Esteen v. Cain, Civ. Action No. 09-5450, 2010 WL 497764, at *2 n.22 (E.D. La. Feb. 5, 2010). However, no such assumption is appropriate here, because the official date-stamp of the Legal Programs Department establishes when petitioner gave his application to prison officials for transmission to this Court.
     Nevertheless, even if petitioner's federal application were deemed to have been filed as of December 22, 2011, the date it was signed, it would still be untimely for the reasons set forth in this opinion.

[17]  Rec. Doc. 6.

[18]  Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

> gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693. *Louisiana Supreme Court Rule X, § 5(a) states that an application "to review a judgment of the court of appeal either after an appeal to that court ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal."*

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (emphasis added).

In the instant case, the Louisiana Fifth Court of Appeal affirmed petitioner's convictions and sentences on October 26, 2004,[19] and it mailed notice of that judgment on that same date.[20] As a result, petitioner had only until November 29, 2004, to seek review of that judgment in the Louisiana Supreme Court.[21] Because he failed to file a writ application with that court by that deadline, his state criminal judgment became final for the purposes of the AEDPA, and his federal limitations period therefore commenced, on November 29, 2004. See id. at 317-18. That federal limitations period then expired one year later, unless that deadline was extended through tolling.

---

[19] State v. Smith, 888 So.2d 280 (La. App. 5th Cir. 2004) (No. 04-KA-340); State Rec., Vol. II of V.

[20] State Rec., Vol. IV of V, Certificate of Mailing.

[21] The thirtieth day of this period actually fell on November 25, 2004. However, both that day and the following day were holidays, Thanksgiving Day and Acadian Day, and the next two days, which fell on Saturday and Sunday, were likewise considered holidays. See La.Rev.Stat.Ann. § 1:55. Therefore, the appeal deadline was extended until Monday, November 29, 2004. See La.C.Cr.P. art. 13.

The Court first considers statutory tolling. The AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted).

As previously noted, on March 8, 2005, petitioner filed with the Louisiana Fifth Circuit Court of Appeal a request for leave to file a supplemental brief concerning his direct appeal. However, because that application was seeking direct review, *not post-conviction or collateral review*, the provisions of § 2244(d)(2) are simply inapplicable, and no statutory tolling can be granted for that application or the related Louisiana Supreme Court writ application. Butler, 533 F.3d at 318 ("Under [§ 2244(d)(2)] it is only state post-conviction relief proceedings that cause tolling.") and 320 ("Filings that are not part of habeas or post-conviction proceedings do not invoke Section 2244(d)(2) tolling."); see also Boudreaux v. Cain, Civ. Action No. 07-1041, 2009 WL 4730706, at *3 (E.D. La. Dec. 9, 2009).

This Court also notes that petitioner filed several applications seeking production of transcripts and documents.[22] However, those applications likewise did not toll the federal limitations period. It is clear that such applications simply cannot be considered "application[s] for State

---

[22] See Volume II of the state court record.

post-conviction or other collateral review" for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Higginbotham v. Tanner, Civ. Action No. 10-1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).

However, after three hundred fifty-nine (359) days of the federal limitations period elapsed untolled, petitioner filed the first state application which could even arguably entitle him to statutory tolling, namely, the post-conviction application he filed with the state district court on November 24, 2005. The Court notes that tolling is only *arguably* warranted for that application because, on December 19, 2005, the state court rejected the application as deficient in that it lacked the required supporting documentation and transcripts. Because the court was unable to act on the application as filed, the court instructed petitioner to refile a properly supported application. In light of those circumstances, it is at least debatable whether that application could be considered "properly filed" as required for tolling § 2244(d)(2).

Nevertheless, *even if* tolling is warranted for that deficient application, it makes little difference. As noted, on December 19, 2005, the state court rejected the application and ordered petitioner to refile a proper application. As further noted, petitioner did not refile such an application until April 1, 2009. Therefore, more than three additional years elapsed between those two state-court filings during which petitioner had no state court applications pending which would

entitle him to tolling under § 2244(d)(2). Accordingly, unless petitioner is additionally entitled to equitable tolling, that extended period of time would alone render his federal application untimely.

The United States Supreme Court has expressly held that the AEDPA's limitation period is subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations. Out of an abundance of caution, however, the Court notes that, in his objections to this Report and Recommendation, petitioner may attempt to argue that he should be granted equitable tolling because of the delays he experienced in obtaining a transcript he wanted to use to seek state post-conviction relief. If he does indeed make such an argument, it should be rejected for the following reasons.

Such delays in receiving transcripts do not normally warrant equitable tolling. See, e.g., Hart v. Deville, Civ. Action No. 10-990, 2011 WL 1226474, at *2 (E.D. La. Mar. 29, 2011) (Vance, J.) ("A state court's delay in furnishing petitioner with a transcript, however, does not establish a basis for equitable tolling."); Cade v. Miller, Civ. Action No. 03-3387, 2005 WL 3541142, at *3 (E.D. La. Oct. 20, 2005) (Berrigan, J.) (same). Moreover, *even if* petitioner could

establish that the delay here constituted an "extraordinary circumstance" for the purpose of equitable tolling, that would be only half the battle. A federal *habeas* petitioner is not entitled to equitable tolling for a period of time during which he waited for a transcript unless he also shows that he diligently pursued relief *after* receiving that transcript. See Gonzales v. Wilkinson, 269 Fed. App'x 481, 485-86 (5th Cir. 2008); see also Brown v. Tanner, Civ. Action No. 11-1102, 2011 WL 4746563, at *2 (E.D. La. Aug. 29, 2011), adopted, 2011 WL 4746104 (E.D. La. Oct. 6, 2011).

Petitioner clearly has not shown such diligence in this case. The state court record reflects that petitioner received the transcript in question on **October 29, 2008**.[23] However, after receiving that transcript, he waited more than **five months** before utilizing that transcript to refile his post-conviction application on April 1, 2009. Such an extended delay in pursing his rights falls far short of the diligence required to support a bid for equitable tolling. See, e.g., Lann v. Dretke, 111 Fed. App'x 236, 237 (5th Cir. 2004) (five-month delay does not qualify as due diligence); Melancon v. Kaylo, 259 F.3d 401, 408 (5th Cir. 2001) (four-month delay does not qualify as due diligence); Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999) (six-month delay does not qualify as due diligence). "Equity is not intended for those who sleep on their rights." Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999).

For the foregoing reasons, it is clear that many years elapsed in this case untolled by the provisions for statutory tolling of 28 U.S.C. § 2244(d)(2). In light of that fact, as well as the fact that petitioner has not met his burden to establish that he is eligible for equitable tolling, petitioner's

---

[23] On or about July 1, 2009, petitioner filed with the state district court a document entitled "Reply Brief to State's Answer to Petitioner's Application for Post Conviction Relief." State Rec., Vol. II of V. In that document, he provided documentation showing that he received the transcript in question on October 29, 2008.

federal application is untimely under 28 U.S.C. § 2244(d)(1) and should therefore be dismissed on that basis.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Prescott Smith be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[24]

New Orleans, Louisiana, this sixteenth day of July, 2012.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[24] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.