# UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PRESCOTT SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO.  12-1014** |
| **N. BURL CAIN, WARDEN** | **SECTION  "G"(1)** |

## ORDER AND REASONS

Before the Court is Petitioner Prescott Smith's ("Petitioner") Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2254.[1] This matter came before the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) from which she issued a Report and Recommendation on July 16, 2012.[2] The Magistrate Judge found Petitioner's *habeas* petition untimely and recommended that the matter be dismissed with prejudice and without an evidentiary hearing.[3] On July 30, 2012, Petitioner filed timely objections to the Report and Recommendation wherein he asserts that he is entitled to equitable tolling.[4] After reviewing the petition, the Magistrate Judge's Report and Recommendation, the objections, the record, and the applicable law, the Court will adopt the Magistrate Judge's recommendation and dismiss this action with prejudice.

## I. Background

### A.  Factual Background

Petitioner is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On November 21, 2002, he was convicted of second degree kidnapping and armed

---

[1] Rec. Doc. 1.

[2] Report and Recommendation, Rec. Doc. 7.

[3] *Id*. at p. 1.

[4] Rec. Doc 8.

robbery under Louisiana law.[5] On December 16, 2002, he was sentenced to a term of forty years imprisonment on the second degree kidnapping conviction and to a term of fifty years imprisonment on the armed robbery conviction.[6] It was ordered that those sentences run concurrently and be served without benefit of probation, parole, or suspension of sentence.[7] On July 14, 2003, he was adjudicated a multiple offender and was resentenced as such on the armed robbery conviction to a concurrent term of 198 years imprisonment.[8] On October 26, 2004, the Louisiana Fifth Circuit Court of Appeal affirmed those convictions and sentences.[9] Petitioner did not seek review of that judgment by the Louisiana Supreme Court.

On March 8, 2005, Petitioner sought leave from the Louisiana Fifth Circuit Court of Appeal to file a supplemental brief in support of his direct appeal.[10] On March 9, 2005, the Court of Appeal denied relief, holding: "On October 26, 2004, this Court issued its decision on relator's appeal. Accordingly, this application for leave to file a supplemental brief is denied."[11] The Louisiana Supreme Court denied Petitioner's related writ application without assigning reasons on February 3, 2006.[12]

---

[5] State Rec., Vol. IV of V, transcript of November 21, 2002, pp. 76–77; State Rec., Vol. I of V, minute entry dated November 21, 2002; State Rec., Vol. I of V, jury verdict form.

[6] State Rec., Vol. IV of V, transcript of December 16, 2002; State Rec., Vol. I of V, minute entry dated December 16, 2002.

[7] *Id.*

[8] State Rec., Vol. II of V, transcript of July 14, 2003; State Rec., Vol. I of V, minute entry dated July 14, 2003.

[9] *See State ex rel. Smith v. Cain*, 2009-WR-609, p. 2 (La. App. 5 Cir. 1/27/11); State Rec., Vol. II of V.

[10] *State v. Smith*, 2005-KH-267 (La. App. 5 Cir. 3/9/05); State Rec., Vol. II of V.

[11] *Id.*

[12] *State ex rel. Smith v. Cain*, 2005-KH-1195 (La. 2/3/06); 922 So. 2d 1169; State Rec., Vol. V of V.

Petitioner filed an application for post-conviction relief with the state district court dated November 5, 2005.[13]    On December 19, 2005, the court held that the application lacked the necessary supporting documentation and instructed Petitioner to refile a properly supported application before the deadline imposed by Section 930.8 of the Louisiana Code of Criminal Procedure.[14]    Petitioner filed a supplemental application for post-conviction relief on April 1, 2009.[15]  On June 19, 2009, the supplemental application was denied as "procedurally barred from review because this supplemental application for post-conviction relief is untimely."[16]  In ruling on Petitioner's related writ application, the Louisiana Fifth Circuit Court of Appeal noted that the application "discolse[d] no error" in the trial court's ruling.[17]  On December 16, 2011, the Louisiana Supreme Court denied Petitioner's related writ application without assigning reasons.[18]

---

[13] State Rec., Vol. II of V.

[14] State Rec., Vol. II of V, Order dated December 19, 2005. The state record contains many letters from Petitioner regarding his trial transcript. Petitioner wrote a letter to the reference librarian at Louisiana State University dated May 30, 2005, inquiring as to whether his trial transcript was included as part of the record of his appeal. Rec. Doc. 9-1 at 3. On May 30, 2005, he also wrote a letter to Jon Gegenheimer at the state district court inquiring about obtaining documents. Rec. Doc. 8-1 at 4. On May 31, 2005, Petitioner received a letter from John Andressen, Chief Court Reporter for the state district court, directing him to contact Sue Stentz, the court reporter from his trial. Rec. Doc. 8-1 at 5. Petitioner wrote a letter to Mr. Andressen on June 5, 2005, and a letter to Ms. Stentz on June 7, 2005; both letters asked for the cost of his trial transcript. Rec. Doc. 8-1 at 6–7. He wrote another letter to Ms. Stentz on August 14, 2005, requesting a copy of his trial transcript. Rec. Doc. 8-1 at 8. In 2007, Petitioner filed a Writ of Mandamus with the Louisiana Fifth Circuit Court of Appeal requesting that John Andressen be ordered to comply with the December 16, 2005 order, requiring that Petitioner be provided with a copy of his trial transcript. Rec. Doc. 8-1 at 9–10. The writ was granted on October 2, 2007. Rec. Doc. 8-1 at 11. On May 16, 2007, John Andressen wrote a letter to Petitioner informing him that the estimated cost of his trial transcript was $2,000.00. Rec. Doc. 8-1 at 12. Ms. Stentz wrote a letter to Petitioner on July 8, 2008, informing him that she received his payment for the trial transcript and would compile the requested transcripts within a few months. Rec. Doc. 8-1 at 13.

[15] State Rec., Vol. II of V.

[16] State Rec., Vol. II of V, Order dated June 19, 2009.

[17] *State ex rel. Smith v. Cain*, 2009-WR-609 (La. App. 5 Cir. 1/27/11); State Rec., Vol. II of V.

[18]  *State ex rel. Smith v. Cain*, 2011-KH-420 (La. 12/16/11); 76 So. 3d 1198; State Rec., Vol. V of V.

On January 5, 2012, Petitioner filed with the state district court a motion to correct an illegal sentence, which was denied on January 25, 2012.[19] Subsequently, Petitioner filed his *habeas corpus* petition with this Court.[20]  The state filed a response arguing the petition was untimely.[21]

**B. Report and Recommendation Findings**

On July 16, 2012, the Magistrate Judge recommended that the petition be dismissed with prejudice as untimely.[22] The Magistrate Judge found that Petitioner's failed to file his petition within the time limitations period set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for the filing of habeas corpus applications after the underlying judgment becomes "final."[23] The Magistrate Judge found that Petitioner's judgement became final on November 29, 2004, when the time elapsed for filing a writ application with the Louisiana Supreme Court.[24]

The Magistrate Judge determined that Petitioner was not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2), which provides statutory tolling for "the time during which a properly filed

---

[19]  State Rec., Vol. II of V, Order dated January 25, 2012.

[20]  Rec. Doc. 1.  The Magistrate Judge found that Petitioner filed his application for *habeas corpus* relief on January 25, 2012.  Petitioner's application bears a stamp from the Louisiana State Penitentiary Legal Programs Department stating that it was received in that department on January 25, 2012, and filed by email on that same date. Rec. Doc. 1 at 1.  The staff of the Eastern District of Louisiana Clerk of Court's *Pro Se* Unit never received an email or electronically filed copy of the petition.  The Court received the filing fee on April 6, 2012, and then later received the application on April 19, 2012, when a copy was hand-delivered to the Court.  The Magistrate Judge noted that the program to accept electronic filings from prisoners was newly instituted in January of 2012 and may have been experiencing problems in its early days.  Therefore, out of an abundance of caution, the Magistrate Judge considered the petition "filed" as of January 25, 2012, the date on which Petitioner purportedly submitted the petition to the Louisiana State Penitentiary Legal Programs Department.  The Court will adopt the Magistrate Judge's determination that the petition was filed on January 25, 2012.

[21]  Rec. Doc. 6.

[22]  Rec. Doc. 7.

[23]  *Id*. at 5.

[24]  *Id*. at 6.

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[25] The Magistrate Judge noted that the post-conviction application Petitioner filed with the state district court on November 24, 2005, could *arguably* entitle him to statutory tolling.[26] However, on December 19, 2005, the state court rejected Petitioner's application as deficient in that it lacked the required supporting documentation and transcripts, instructing Petitioner to refile a properly supported application.[27] Petitioner failed to refile such an application until April 1, 2009.[28] Accordingly, the Magistrate Judge concluded the three years that elapsed between those two state court filings, during which time Petitioner had no state court applications pending, rendered his federal application untimely.[29]

The Magistrate Judge noted that Petitioner had brought forth no evidence demonstrating entitlement to equitable tolling.[30] However, out of an abundance of caution, the Magistrate Judge addressed whether Petitioner would be entitled to equitable tolling because of delays he experienced in obtaining his transcript.[31] The Magistrate Judge noted such delays do not normally warrant equitable tolling, and found even if such a delay constituted an "extraordinary circumstance" Petitioner had not diligently pursued relief after receiving the transcript.[32]

---

[25] *Id.* at 7.

[26] *Id.* at 8.

[27] *Id.*

[28] *Id.*

[29] *Id.* at 8–9.

[30] *Id.* at 9.

[31] *Id.*

[32] *Id.* at 9–10.

## II.  Arguments

### A.  Petitioner's Arguments

Petitioner timely filed his objection to the Report and Recommendation on July 30, 2012, arguing that "he is entitled to equitable tolling due to the fact that he has been pursuing his rights diligently and that some extraordinary circumstances stood in his way and prevented timely filing."[33] Petitioner argues "he has been pursuing his rights diligently since March 9, 2005," the date he alleges he first became aware that his appeal was denied by the Louisiana Fifth Circuit Court of Appeal.[34] Petitioner asserts the failure of the court reporter to provide him with a copy of his trial transcript constituted a "exceptional circumstance," and he diligently pursued his claim after receiving a copy of his transcript in 2008.[35]

### B.  State's Arguments

The State of Louisiana did not file a brief in opposition to Petitioner's objection despite receiving electronic notice of the filing on July 30, 2012.

## III.  Law and Analysis

### A.  Standard of Review

A District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[36]  The District Judge must "determine *de novo* any part of

---

[33] Rec. Doc. 8 at 1.

[34] *Id.*

[35] *Id.* at 2–3.

[36] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

the [Report and Recommendation] that has been properly objected to."[37] However, within the Fifth

Circuit, a District Court's review is limited to plain error of parts of the report which are not

properly objected to.[38]

### B. Applicable Law

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-

year statute of limitations for the filing of *habeas corpus* applications after the underlying judgment

becomes "final."[39] The United States Fifth Circuit Court of Appeal has explained:

> When a habeas petitioner has pursued relief on direct appeal through his
> state's highest court, his conviction becomes final ninety days after the highest
> court's judgment is entered, upon the expiration of time for filing an application for
> writ of certiorari with the United States Supreme Court. However, "[i]f the defendant
> stops the appeal process before that point,". . ."the conviction becomes final when
> the time for seeking further direct review in the state court expires."
>
> Although federal, not state, law determines when a judgment is final for
> federal habeas purposes, a necessary part of the finality inquiry is determining
> whether the petitioner is still able to seek further direct review. As a result, this court
> looks to state law in determining how long a prisoner has to file a direct appeal.
> Louisiana Supreme Court Rule X, § 5(a) states that an application "to review a
> judgment of the court of appeal either after an appeal to that court. . .or after a denial
> of an application, shall be made within thirty days of the mailing of the notice of the
> original judgment of the court of appeal."[40]

The AEDPA expressly provides statutory tolling for "[t]he time during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment

---

[37] Fed. R. Civ. P. 72(b)(3).

[38] *See Douglas v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[39] 28 U.S.C. § 2244(d).

[40] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (citations omitted).

or claim is pending."[41] "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."[42]

The United States Supreme Court has expressly held that the AEDPA's limitation period is subject to equitable tolling.[43] However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[44] A petitioner bears the burden of proof to establish entitlement to equitable tolling and "must demonstrate rare and exceptional circumstances warranting application of the doctrine."[45]

## C. Analysis

Having conducted a *de novo* review of the Report and Recommendation, the petition, the record, and the applicable law, the Court approves the Magistrate Judge's Report and Recommendation, and will briefly reiterate the analysis of Petitioner's claim provided in the Report and Recommendation. Petitioner's judgment became final on November 29, 2004, when the time elapsed for filing a writ application with the Louisiana Supreme Court. Therefore, the federal

---

[41] 28 U.S.C. § 2244(d)(2).

[42] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted).

[43] *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).

[44] *Id.* at 2562 (internal quotation marks omitted).

[45] *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). The Fifth Circuit noted, "[t]he doctrine will not be applied where the applicant failed to diligently pursue *habeas corpus* relief under § 2254, and ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Id.* (internal quotation marks omitted).

limitations period expired one year later, unless that deadline was extended through tolling. As noted by the Magistrate Judge, the post-conviction application Petitioner filed with the state district court on November 24, 2005, could arguably entitle him to statutory tolling. However, on December 19, 2005, the state court rejected Petitioner's application as deficient in that it lacked the required supporting documentation and transcripts. The state court instructed Petitioner to refile a properly supported application. Petitioner failed to refile such an application until April 1, 2009. Accordingly, the three years that elapsed between those two state court filings, during which time Petitioner had no state court applications pending, rendered his federal application untimely. Petitioner does not object to the Magistrate Judge's finding regarding timeliness of his petition or statutory tolling. Finding no plain error, the Court adopts the Magistrate Judge's findings that Petitioner's petition was untimely and that he is not entitled to statutory tolling.

Finally, the Court considers the central issue raised for the first time by Petitioner's objections to the Report and Recommendation: that Petitioner is entitled to equitable tolling because "he has been pursuing his rights diligently since March 9, 2005," the date he alleges he first became aware that his appeal was denied by the Louisiana Fifth Circuit Court of Appeal.

Petitioner alleges that he did not become aware of the Louisiana Fifth Circuit Court of Appeal's decision dated October 26, 2004, until March 9, 2005. The Certificate of Mailing indicates that Petitioner's attorney received a copy of the opinion on October 26, 2004.[46] Petitioner filed an Ethical Conduct Complaint with the Louisiana Attorney Disciplinary Board on June 17, 2005, arguing that his attorney Bruce Netterville failed to inform him of the October 24, 2004 decision.[47]

---

[46] State Rec., Vol. IV of V, Certificate of Mailing.

[47] State Rec., Vol. II of V, Ethical Conduct Complaint; Rec. Doc. 8-1 at 14–16.

On August 18, 2005, Mr. Netterville responded asserting it was office policy to send copies of documents, including decisions, to clients.[48] Petitioner failed to provide any evidence related to the outcome of the Ethical Conduct Complaint or to support his assertion that he was not informed of the October 24, 2004 decision. Petitioner bears the burden of proof to establish entitlement to equitable tolling. He has failed to provide any evidence corroborating his assertion that his attorney did not inform him of the October 26, 2004 decision. Accordingly, the Court finds Petitioner has failed to show that some extraordinary circumstance stood in his way and prevented timely filing. Further, even if Petitioner was entitled to equitable tolling from October 24, 2004 through March 9, 2005, he did not file his federal *habeas* petition until January 25, 2012.

Petitioner also contends he is entitled to equitable tolling due to delays in receiving his trial transcript. Delays in receiving transcripts do not normally warrant equitable tolling.[49] The United States Fifth Circuit Court of Appeals has held that a petitioner is not entitled to equitable tolling for a period of time where he awaited receipt of his trial transcript unless he shows that he diligently pursued relief after receiving the transcript.[50] Petitioner cannot make that required showing because he received the trial transcript in October 2008.[51] Therefore, even after the transcript was in his possession, he waited more than five months before refiling his state post-conviction application on

---

[48] State Rec., Vol. II of V, Letter from Bruce Netterville to the Disciplinary Counsel dated August 18, 2005; Rec. Doc. 8-1 at 17–18.

[49] *See, e.g.*, *Hart v. Deville*, No. 10–990, 2011 WL 1226474, at *2 (E.D. La. Mar. 29, 2011) (Vance, J.) ("A state court's delay in furnishing petitioner with a transcript, however, does not establish a basis for equitable tolling."); *Cade v. Miller*, No. 03–3387, 2005 WL 3541142, at *3 (E.D. La. Oct. 20, 2005) (Berrigan, J.) (same).

[50] *See Gonzalez v. Wilkinson*, 269 F. App'x 481, 485-486 (5th Cir. 2008).

[51] On July 1, 2009, Petitioner filed a "Reply Brief to State's Answer to Petitioner's Application for Post Conviction Relief." State Rec., Vol. II of V. In that brief, he provided documentation showing he received the transcript on October 29, 2008. *Id.* In his objection to the Report and Recommendation, Petitioner concedes he received the transcript in 2008. Rec. Doc. 8 at 2.

April 1, 2009. Further, once those proceedings concluded with the denial of relief by the Louisiana Supreme Court on December 16, 2011, he waited an additional month before filing his federal application. Accordingly, Petitioner wasted more than six months after obtaining the supposedly necessary documents. Such an extended delay in pursing his rights falls far short of the diligence required to support a bid for equitable tolling.[52]

Because Petitioner is entitled to neither statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before November 29, 2005, in order to be timely. His federal application was filed no earlier than January 25, 2012, and it is therefore untimely.

### IV. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Prescott Smith's petition for issuance of a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this ___25th___ day of June, 2014.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[52] *See, e.g., Lann v. Dretke*, 111 F. App'x 236, 237 (5th Cir. 2004) (no equitable tolling when prisoner waited five months after denial of relief in state court before filing a federal petition); *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (no equitable tolling when prisoner waited four months after denial of relief in state court before filing a federal petition); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (no equitable tolling when prisoner waited six months after receiving notice of the denial of state relief before filing a federal petition).